943 F.2d 52
 RICO Bus.Disp.Guide 7830
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PREFERRED MUTUAL INSURANCE COMPANY, and Queen City Indemnity
Company, Plaintiff-Appellees, Cross-Appellants,
v.
Robert DUMAS, Defendant-Appellant, Cross-Appellee,
Cynthia Dumas, Defendant.
 Nos. 89-3394, 89-3446.
 United States Court of Appeals, Sixth Circuit.
 Sept. 4, 1991.
 
 Before KENNEDY and RYAN, Circuit Judges, and COOK, Chief District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Following our remand of this case to the district court for more specific findings of fact and conclusions of law, the court entered an order dismissing the civil RICO[1] actions brought by Preferred Mutual Insurance Company and Queen City Indemnity Company against Robert Dumas. Alleging that the district court misinterpreted the requirements of the relevant statutory provisions, the insurance companies now appeal that dismissal. We affirm.
 
 I.
 
 2
 Preferred Mutual and Queen City Indemnity brought action against Dumas for common-law fraud and for alleged violations of the RICO Act. The insurance companies alleged that Dumas engaged in a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c), when he obtained money from them by submitting fraudulent insurance claims. After a bench trial, the district court entered judgment for the insurance companies with respect to their common-law fraud actions but dismissed their civil RICO actions on the ground that the companies' "evidence [was] insufficient to support their RICO claim."
 
 
 3
 Dumas appealed the judgment for the companies on the fraud actions, while the companies cross-appealed the dismissal of the RICO actions. We affirmed the judgment on the pendant fraud claim; however, finding "no hint in the [district] court's findings as to which of the several elements of the ... RICO claim the plaintiffs failed to 'present evidence'," we vacated the dismissal of the RICO actions and remanded the case to the district court for entry of detailed findings of fact and conclusions of law explaining the dismissal. We retained jurisdiction.
 
 
 4
 Following remand, the district court made new findings of fact and conclusions of law, and entered an order again dismissing the RICO actions. In relevant part, the district court concluded that Dumas "was not associated with an enterprise" as required by section 1962(c), which makes it unlawful for "any person ... associated with any enterprise ... to conduct ... such enterprise's affairs through a pattern of racketeering activity...." 18 U.S.C. § 1962(c). The insurance companies contend that the district court dismissed their RICO actions as a result of the court's erroneous belief that a lone individual, such as Dumas, cannot constitute an "enterprise" for section 1962(c) purposes. However, we conclude that the district court's rationale, while perhaps unnecessarily cryptic, is essentially correct.
 
 
 5
 The insurance companies have never questioned that Dumas acted alone.[2] Indeed, as we noted in our previous opinion in this case, the companies have alleged that Dumas himself constituted an enterprise engaged in a pattern of racketeering activity. The companies correctly observe that for section 1962(c) purposes, the "enterprise" with which the defendant "person" associates may be a single individual. 18 U.S.C. § 1961(4). Nevertheless, our precedent clearly establishes that the " 'person' and the 'enterprise' must be separate and different entities." Fleischhauer v. Feltner, 879 F.2d 1290, 1296 (6th Cir.1989), cert. denied, 110 S.Ct. 1122 (1990). Moreover, "[t]he distinct entities that represent the 'person' and the 'enterprise' must be described in the pleadings." Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1489 (6th Cir.1989). Accordingly, since the insurance companies have failed to allege the existence of a "person" separate from the "enterprise" with which the person associated, the district court properly dismissed the companies' RICO actions against Dumas.
 
 II.
 
 6
 For the foregoing reasons, the district court's order dismissing the RICO actions is AFFIRMED.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., Chief Judge of the United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Racketeer Influenced and Corrupt Organizations Act of 1970, as amended, 18 U.S.C. 1961 et seq. The RICO statutes provide for civil remedies as well as criminal penalties. See 18 U.S.C. 1964
 
 
 [2]
 Prior to trial, the insurance companies voluntarily dismissed their action against Cynthia Dumas, Robert Dumas' wife